IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** § | | **PLAINTIFF** |
| ex rel. CHARLES STEIN § | | |
| § | | |
| v. § | Civil No. 1:13cv110-HSO-RHW | |
| § | | |
| **ANIXTER INTERNATIONAL INC., et al** § | | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION [22] TO DISMISS RELATOR'S COMPLAINT

BEFORE THE COURT is a Motion [22] to Dismiss the Complaint [1] in this *qui tam* action brought under the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA"), by Charles R. Stein, Jr. ("Relator"). Relator alleges that Defendants Anixter International, Inc., Anixter, Inc., Anixter Wire and Cable, Anixter Shipboard Group, and Anixter Holdings, Inc. (collectively, "Anixter" or "Defendants") fraudulently overpriced cable used in construction of naval vessels. Compl. [1], at 1.

Defendants move the Court for dismissal of Relator's claims on three distinct grounds. First, Defendants argue that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction because Relator lacks standing to pursue his claims, having executed a pre-filing release of claims (the "Settlement Agreement") with Defendants. Second, Defendants move the Court to dismiss the Complaint for failure to plead fraud with the specificity required by Rule 9(b). Third, Defendants contend that, at a minimum, the Court should dismiss with prejudice all claims based on transactions

occurring prior to April 5, 2007, as they are barred by the FCA's six-year statute of limitations. 31 U.S.C. § 3731(b)(1). This Motion has been fully briefed.

After full consideration of the parties' briefs, the record, and relevant legal authorities, the Court finds that the Motion [22] to Dismiss should be granted in part and denied in part. The Settlement Agreement does not deprive the Court of subject-matter jurisdiction over this action, but Relator has failed to plead fraud with the requisite specificity, and Relator's claims are further limited by the applicable statute of limitations.

## I. BACKGROUND

A.   Factual Background

Anixter is a distributor of cable, cable accessories, and wire, purchasing these items from manufacturers and selling them to suppliers or government agencies. Among Anixter's direct customers is the United States Department of Defense, which uses Anixter's products on naval vessels. Relator alleges he "was intimately involved in sale of cable to the U.S. Government" while working for Anixter as an outside salesman for shipboard products in its New Orleans, Louisiana, office from 1999 until 2010. Compl. [1], at 5.

On February 27, 2010, Relator received an email that was sent to all shipboard salesmen. *Id.* at 7. From this email, Relator claims he learned that Anixter knowingly sold the United States Government substandard surplus cable, yet charged prices for new cable meeting military specifications, and deliberately misrepresented the quality of the product. *Id.* Based on information contained in

the email, Relator believed Anixter had systematically supplied the substandard cable to the Government "for the entire eleven (11+) years of his employment." *Id.* Relator alleges that he provided copies of this email to the United States Naval Criminal Investigative Service ("NCIS") and the Department of Defense Criminal Investigative Service ("DCIS") and was interviewed concerning his allegations of fraud. *Id.*

On June 8, 2010, Relator resigned from Anixter and executed a Settlement Agreement and General Release. In the Settlement Agreement, Relator agreed to release Anixter from:

> any and all claims or grievances of whatsoever kind, arising at or before the execution of this Release, which may arise out of his employment with Anixter or the termination thereof.

Settlement Agreement [22-2], at ¶ 2. As part of the Settlement Agreement, Relator received a settlement in the amount of $74,856.27, and was provided with the title to his company truck. *Id.* at ¶1.

B.  Procedural History

Relator filed his sealed Complaint [1] in this action on April 5, 2013. After receiving Relator's Complaint, the United States Attorney's Office for the Southern District of Mississippi began investigating Relator's allegations. On December 4, 2014, the United States declined to intervene, and Relator's Complaint was unsealed. Not. Elect. to Decline Intervention [13]. Summonses were issued as to Defendants on March 5, 2015, and on March 31, 2015, Defendants filed the instant Motion [22] to Dismiss Relator's Complaint. Relator has filed a Response [26] in

3

Opposition, and Defendants have filed a Reply [30].  Defendants rely on Federal Rules of Civil Procedure 12(b)(1) and 9(b), as well as a statute of limitations defense, in seeking dismissal.

## II. DISCUSSION

A.   Dismissal Pursuant to Rule 12(b)(1)

Defendants argue that the Court should dismiss the Complaint [1] for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because, having released any claims against Defendants in the Settlement Agreement, Relator lacks standing to bring this *qui tam* action.  Mot. Dismiss [22], at 1.

The United States Supreme Court foreclosed this argument in *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 774 (2000), when it concluded "that the United States' injury in fact suffices to confer standing on [the relator]."  The Court reasoned that a relator in a *qui tam* action acts as an assignee of the Government's damages claim.  *Id.*  Alleging injury on the part of the Government is, therefore, sufficient to confer standing on Relator as a partial assignee.  *Id.*

The Fifth Circuit has also held that even when a relator would not retain any award of damages, the relator still has standing to sue "based on his assignor's injuries." *Little v. Shell Exploration & Prod. Co.*, 690 F.3d 282, 285 (5th Cir. 2012) (citing *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 286 (2008)).

In each of the cases Defendants cite for the proposition that courts may

4

enforce a relator's pre-filing release of claims to bar a subsequent *qui tam* action, the decisions in those cases were reached on the merits, and the court did not determine that it lacked subject-matter jurisdiction over the action. Mem Supp. Mot. Dismiss [23], at 11–12; *United States v. Purdue Pharma L.P.*, 600 F.3d 319, 329 (4th Cir. 2010) (concluding that a pre-filing release should be enforced to bar the relator's claims, but also finding "[Relator] had a statutory claim, and the necessary legal standing as partial assignee, to file a qui tam lawsuit"); *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1171 (10th Cir. 2009) (affirming summary judgment on the merits determining that pre-filing release should be enforced); *United States ex rel. Hall v. Teledyne Wah Chang Albany*, 104 F.3d 230, 234 (9th Cir. 1997) (same). Because a relator's inability to recover damages does not destroy standing, the Court finds that it may exercise jurisdiction over this civil action regardless of the enforceability of the Settlement Agreement, and regardless of whether Relator himself may be entitled to recover any sum of money.

      The Court notes, however, that whether or not the Settlement Agreement may operate to bar Relator's claims on the merits is not the subject of Defendants' 12(b)(1) Motion. Defendants' Motion [22] to Dismiss, to the extent it is predicated on a lack of subject-matter jurisdiction, will be denied without prejudice to Defendants' right to seek enforcement of the Settlement Agreement on the merits

and upon a more developed record.[1]

B.     Dismissal Pursuant to Rule 9(b)

FCA claims must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b): "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997).

A relator also must set forth a factual basis for his belief that a defendant submitted fraudulent claims, and the complaint must not be based on speculation and conclusory allegations. *Id.* In sum, a relator must allege the details of an

---

[1] Assuming that the Settlement Agreement encompasses Relator's FCA claim (a fact disputed by Relator), Relator's pre-filing release of claims against Defendants is not automatically enforceable. The Ninth Circuit has articulated a test for determining the enforceability of a relator's pre-filing release based on the Supreme Court's decision in *Town of Newton v. Rumery*, 480 U.S. 386, 392 (1987). *Hall*, 104 F.3d at 232–33 (weighing the public interest in enforcing the release against the public interest in uncovering fraud). This *Rumery*-based test has been accepted by the Fourth and Tenth Circuits and was cited by the Fifth Circuit in *United States ex rel. Longhi v. United States*. 575 F.3d 458, 473–74 (5th Cir. 2009); *see also Purdue Pharma L.P.*, 600 F.3d at 329–30; *Ritchie*, 558 F.3d at 1175. Under that test, a pre-filing release is enforceable only when the Government already knew of the fraudulent claims encompassed by a relator's allegations. *Hall*, 104 F.3d at 232–33. Such a release is void as a matter of public policy when the Government was unaware of the alleged fraud. *Id.*
    The extent of the Government's prior knowledge of Relator's allegations is a factual determination more appropriately raised by way of a motion for summary judgment, supported by competent summary judgment evidence.

actually submitted false claim or "particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Grubbs*, 565 F.3d at 190.

The Court finds that Relator's claims are not pled with the requisite specificity pursuant to Rule 9(b). Relator has not identified any specific Government contracts under which Defendants made a false claim. Relator alleges that Defendants "made numerous/multitudes of fraudulent misrepresentation [sic] to the U.S. Government concerning the sale of mil-spec cable," but has not sufficiently identified one such representation or fraudulent transaction. Compl. [1] at ¶18. Based on the Complaint's allegations, Defendants would be unable to ascertain which transactions are alleged to have been false or fraudulent over the eleven years of Relator's employment, such that an adequate defense could be prepared.

Nor does Relator set forth "particular details" of the scheme to submit false claims coupled with reliable indicia that false claims were submitted, or provide a sufficient factual basis for the belief that Defendants systematically defrauded the Government over a period of eleven years. *See Grubbs*, 565 F.3d at 190; *Thompson* 125 F.3d at 903. Relator alleges that an email he received on February 27, 2010, alerted him to Defendants' policy of selling substandard cable to the Government. Compl. [1], at ¶ 16. This email is not attached to the Complaint [1], it has not been submitted as record evidence in response to the instant motion, and Relator offers no details as to how the email applies to specific transactions, instead merely

7

purporting to quote selections from the email in his Response. Resp. [26], at 3. Relator's allegations of fraud, as presently stated in the Complaint, lack the requisite level of specificity.

Anixter's Motion [22] to Dismiss will be granted on this ground, but Relator shall be granted thirty days to file an Amended Complaint specifically pleading relevant facts regarding the allegedly false or fraudulent transactions between Anixter and the United States Government. If Relator does not file an Amended Complaint within thirty days, this case will be dismissed.

C.  Dismissal of Claims Barred by the Statute of Limitations

The FCA contains a six-year statute of limitations. 31 U.S.C. § 3731(b)(1) ("A civil action under section 3730 may not be brought more than 6 years after the date on which the violation of section 3729 is committed."). Relator filed his sealed Complaint [1] in this action on April 5, 2013. Unless Relator alleges a proper basis for tolling, any claims based on violations occurring prior to April 5, 2007, are time-barred.

Relator's only argument in response to Defendants' statute of limitations defense is based on the Wartime Suspension of Limitations Act, 18 U.S.C. § 3287 ("WSLA"). Resp. [26], at 5–6. On May 26, 2015, however, the Supreme Court held that the WSLA applies solely to criminal charges. *Kellogg Brown & Root Servs., Inc. v. United States ex rel. Carter*, 135 S. Ct. 1970, 1972 (2015).[2] Relator has

---

[2] Defendants brought this new case law to the Court's attention in a Notice of Supplemental Authority [31], filed on May 27, 2015.

presented no other legitimate basis for tolling the statute of limitations on his claims.[3]

Relator's claims are subject to the six-year statute of limitations in the False Claims Act. 31 U.S.C. § 3731(b)(1). Accordingly, any claims based on violations occurring prior to April 5, 2007, are time-barred. In any Amended Complaint, Relator may include only transactions occurring after April 5, 2007.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [22] to Dismiss Relator's Complaint filed by Anixter International, Inc., Anixter, Inc., Anixter Wire and Cable, Anixter Shipboard Group, and Anixter Holdings, Inc. is **GRANTED IN PART**, in that the Court finds Relator has not pled fraud with the requisite specificity and alleges certain claims outside the statute of limitations,

---

[3] 31 U.S.C. § 3731(b)(2) contains a tolling provision, but whether relators can take advantage of tolling when the Government has declined to intervene (as here) is unsettled. *See United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, No.7cv247, 2010 WL 1645969, at *5 (W.D. Tex. Jan. 21, 2010) (discussing the unsettled nature of this issue, but concluding that "the tolling provision of (b)(2) does not apply to relators where the Government does not intervene").

Even in jurisdictions where a relator may take advantage of tolling under § 3731(b)(2), tolling would not apply under the facts of this case. In those jurisdictions, § 3731(b)(2) allows a relator to bring claims for violations up to ten years old, but in order to take advantage of this provision, the relator must file his complaint within three years of learning of the fraud. *See United States ex rel. Hyatt v. Northrop Corp.*, 91 F.3d 1211, 1218 (9th Cir. 1996).

Here, Relator alleges that he learned of the fraud in an email dated February 27, 2010, yet his Complaint was not filed until April 5, 2013, more than three years later. Because Relator did not commence his action within three years of learning of the alleged fraud, the ten year statute of limitations still would be unavailable.

**AND DENIED IN PART**, in that the Court finds it has subject-matter jurisdiction over this action.  Relator's Complaint [1] is **DISMISSED WITH PREJUDICE** as to those violations occurring prior to April 5, 2007.  Relator shall have until December 28, 2015, to submit an Amended Complaint, addressing only claims not barred by the statute of limitations and specifically pleading details of any alleged fraud on those claims not time-barred.  If Relator elects not to file an Amended Complaint by December 28, 2015, this case will be dismissed.

**SO ORDERED AND ADJUDGED**, this the 25th day of November, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE